UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 30 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

v.

JAMES A. MEDLEY,

     Defendant.

Criminal Action No. 93-00410-1 (TFH)

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the defendant's Motion to Reduce Sentence [ECF No. 132], which seeks a sentence reduction from 120 months of imprisonment[1] to time served pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 750. Def.'s Mot. 1, 3. To secure the requested reduction, the defendant urges this Court to hold that the United States Supreme Court's decision in *Dorsey v. Hill*, ___ S.Ct. ___, 2012 WL 2344463 (June 21, 2012), extends to 18 U.S.C. § 3582(c)(2) proceedings and compels the Court to apply the more lenient statutory mandatory minimum sentences set forth in the Fair Sentencing Act, 124 Stat. 2372. Def.'s Mot. 3-12. In *Dorsey*, the Supreme Court concluded that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 2012 WL 2344463 *9. The day after the Supreme Court's decision in *Dorsey* was issued, however, the United States Court of Appeals for the District of Columbia Circuit announced that it "agree[d] with every circuit court to address the issue that there is simply 'no evidence that Congress intended the

---

[1] The defendant is serving a 60-month sentence for unlawful possession with intent to distribute 5 grams or more of cocaine base and a consecutive 60-month sentence for using, carrying and possessing a firearm during a drug trafficking offense. Def.'s Mot. 1.

[FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'"[2] *United States v. Bigesby*, ___ F.3d ___, 2012 WL 2362583, at *6 (D.C. Cir. June 22, 2012) (quoting *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir.2011) (per curiam)). So the Fair Sentencing Act's more lenient statutory mandatory minimum sentences currently apply only to cases in which defendants are sentenced after the Act's enactment on August 3, 2010. Because "district judges . . . are obligated to follow controlling circuit precedent until either [the D.C. Circuit], sitting en banc, or the Supreme Court, overrule it," *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997), this Court must deny the defendant's motion seeking a reduction of his sentence below the statutory mandatory minimum sentence that applied when he was sentenced on June 23, 1995, more than 17 years before the Fair Sentencing Act was enacted. Accordingly, it hereby is

**ORDERED** that the Motion to Reduce Sentence [ECF No. 132] is **DENIED** for the reasons stated.

**SO ORDERED.**

July 26, 2012

Thomas F. Hogan
United States District Judge

---

[2] *Bigesby* forecloses the defendant's argument that "[b]ecause the [Sentencing] Commission determined that the guideline amendments mandated by the FSA would be retroactively available, *the FSA is itself retroactively applicable*." Def.'s Mot. 9 (emphasis added). Morever, to the extent the defendant might be contending that 18 U.S.C. § 3582(c)(2) proceedings should be deemed to be post-Act "sentencings" for the purpose of applying the Supreme Court's decision in *Dorsey,* such an interpretation also is not viable because it would mean that 18 U.S.C. § 3582(c)(2) proceedings effectively make the Fair Sentencing Act retroactive in contravention of the D.C. Circuit's position that the Act "is not retroactive." *Bigesby*, 2012 WL 2362583, at *6. Furthermore, the Supreme Court has made clear that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a *limited adjustment to an otherwise final sentence* and not a plenary resentencing proceeding." *Dillon v. U.S.*, 130 S.Ct. 2683, 2691 (2010) (emphasis added).